Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*C21K Company Limited*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| C21K COMPANY LIMITED, | CIVIL ACTION NO.: 24-cv-7734 |
| *Plaintiff* | **COMPLAINT** |
| v. | **Jury Trial Requested** |
| GINDI C21 IP LLC, | |
| *Defendant* | |

Plaintiff C21K Company Limited ("C21K" or "Plaintiff"), a South Korean limited liability company, by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This action involves claims for breach of contract (the "Action"), arising from Defendant Gindi C21 IP LLC's ("Gindi" or "Defendant") breach of the License Agreement (as defined *infra*) and intentional and/or negligent interference with Plaintiff's contracts with Vendors (as defined *infra*), as further detailed herein.

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars. Additionally, the parties, in the License Agreement, consented to jurisdiction and venue within the United States and specifically within the State of New York.

3. Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y. C.P.L.R. § 302(a)(1) and/or N.Y. C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district; contracts to supply goods within New York; derives substantial revenue from its business transactions in New York and in this judicial district; otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant conducts, transacts, and/or solicits business in this judicial district, is subject to personal jurisdiction in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and/or harm to Plaintiff has occurred in this district.

**THE PARTIES**

5. C21K is a South Korean limited liability company with a principal place of business located at 18 Bongeunsa-ro 18-gil, Gangnam-gu, Seoul, South Korea.

6. Upon information and belief, Gindi is a Delaware limited liability company with a principal place of business located at 22 Cortlandt Street, New York, New York 10007.

2

## **GENERAL ALLEGATIONS**

### **The License Agreement and C21K's Compliance**

7. Raymond Gindi, IG Gindi, Isaac Gindi and Eddie Gindi (hereinafter "the Gindi Family") own and operate real estate holdings and other private equity investments.

8. The Gindi Family, by and through numerous corporate entities and affiliations, owns, controls, manages, and operates the Century 21 department store chain, including, upon information and belief, Gindi C21 IP LLC.

9. Upon information and belief, the COVID-19 pandemic and other factors caused the Century 21 stores to experience a significant decline in foot traffic, revenues and profitability and Century 21 was unable to sustain operations.

10. Accordingly, on September 10, 2020, Century 21 Department Stores LLC filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

11. On October 12, 2020, the Gindi Family formed Gindi C21 IP LLC to acquire the Century 21 intellectual property including certain Century 21 trademarks, copyrights, domain names and social media accounts.

12. At all relevant times, Gindi was and currently is the owner of the Century 21 trademarks ("Century 21 Marks").

13. On or about November 16, 2020, C21K and Gindi entered into a license agreement ("License Agreement") wherein Gindi agreed to license the Century 21 Marks to C21K in connection with the construction and operation of four (4) Century 21 Department Stores for the sale, distribution, advertising, marketing and promotion of products in the Republic of Korea ("License Agreement").

3

14. After entering into the License Agreement, and in accordance with its terms, in C21K took the following actions: (1) leased a Pusan 9 story building for $2.361 million with an additional payment in the amount of $370,000.00 for a deposit; (2) leased a space in Seoul, Gangnam for $74,000.00; (3) leased a space in Yeoksam Dong requiring a rent deposit in the amount of $80,000.00; (4) incurred expenses in the amount of $3.5 million for advanced royalty payments; (5) withheld tax payments made on behalf of Gindi in the amount of $616,000.00; (6) issued $300,000.00 in supplier advances; (7) incurred $550,000.00 for payroll and other related expenses; (8) executed an investment contract in the amount of $5,000,000.00 for building Century 21 Department Stores in Korea; (9) contracted for $8.7 million in purchase orders ("Purchase Orders"); (10) hired a New York based staff and a South Korean based staff which included payroll expenses, reimbursements, medical payments and other related expenses totaling $1.882 million; (11) expenses arising from consulting, creation of a website, establishment of the company, office interiors and equipment, expert expenses, warehouse and logistics, outsourcing services, employee welfare, office supplies, transportation and other related expenses totaling $684,000.00; 12) vehicle and transportation expenses totaling $146,000.00; and 13) various taxes and fees in the amount of $432,000.00.

15. Section 8.4 of the License Agreement provides for a notice of termination with a right to cure.

16. Section 11.8 of the License Agreement allows for the suspension of C21K's obligations for at least a period of ninety (90) days in light of the COVID-19 pandemic.

## Notice of Termination

17. On or about April 2, 2021, Gindi sent C21K a letter ("Notice of Termination") terminating the License Agreement on the following grounds: (1) C21K breached its requirement

under Section 1.6.1 of the License Agreement to use its best efforts to exploit the license by repeatedly failing to pay vendors; (2) breaching its staffing obligations under Section 1.6.2 of the License Agreement by laying off significant numbers of its staff; and (3) C21K's Chief Executive Officer is the subject of a government inquiry in South Korea that materially detracts from the reputation of the Trademark in South Korea in violation of Section 7.1.2 of the License Agreement.

18. The Notice of Termination did not provide for a right to cure.

19. At all relevant times, C21K made payments to all vendors.

20. The staff hired by C21K was on C21K's payroll at all relevant times, it was not until June of 2021 that the employees started to leave the company.

21. C21K's Chief Executive Officer was not the subject of a government inquiry.

22. When the negotiations for the License Agreement began in July of 2020, a company called HLB Co. Ltd. ("HLB") was involved in such discussions and in August of 2020, C21K and HLB were both named licensees in the current draft of the License Agreement.

23. In September of 2020, an investigation was launched on HLB's pharmaceutical division.

24. C21K's CEO, as a shareholder of HLB, was interviewed, but there was never, at any time, any formal investigation into him in his *individual* capacity.

25. Gindi was made aware of the foregoing prior to signing the License Agreement, and thereafter, made the decision to remove HLB as a party to the License Agreement which was agreeable to C21K.

26. Gindi wrongfully interfered with C21K's contracts with vendors, including but not limited to Logistica E Distribuzione S.R.L., 2112 S.R.L., HIM CO S.p.A., SCS Fashion Buying Office S.R.L., Baby Dream S.R.L., G&B Negozio S.R.L. and MMI S.R.L. (hereinafter "Vendors")

as, from May of 2021 through June/July 2021, Gindi wrongfully warned the Vendors to cease doing business with C21K making it impossible for C21K to complete its performance pursuant to the terms of the License Agreement.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

27.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

28.     Plaintiff and Gindi entered into a valid contract (i.e., the License Agreement, *see* **Exhibit A**).

29.     Plaintiff performed its contractual obligations to Defendant. To the extent any of Plaintiff's obligations might have not been performed, such absence of performance was excused or was caused by Defendant's acts and omissions, including Defendant's breach(es) of the License Agreement.

30.     Defendant breached the License Agreement by, at the very least, wrongfully failing and refusing to allow Plaintiff to open and operate the Century 21 stores in Korea despite Plaintiff's compliance with the terms of the License Agreement.

31.     Defendant's breach(es) of the License Agreement have caused Plaintiff to incur significant damages in an amount no less than $10,995,000.00 to be proven at trial.

### SECOND CAUSE OF ACTION
### (Tortious Interference with Contracts)

32.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

33.     Plaintiff had valid contracts with several Vendors for the purchase of inventory for the Century 21 Stores.

6

34. Defendant had full knowledge of Plaintiff's contracts with the Vendors.

35. Defendant intentionally induced Vendors to breach their contracts with Plaintiff and/or to refuse to enter into future contracts with Plaintiff.

36. Defendant had and has no lawful justification for its tortious interference with Plaintiff's contracts.

37. Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its contracts.

**THIRD CAUSE OF ACTION**
**(Negligent Interference with Contracts)**

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39. Plaintiff had valid contracts with several Vendors for the purchase of inventory for the Century 21 Stores.

40. Defendant had full knowledge of Plaintiff's contracts with the Vendors.

41. Defendant negligently induced Vendors to breach their contracts with Plaintiff and/or to refuse to enter into future contracts with Plaintiff.

42. Defendant had and has no lawful justification for its tortious interference with Plaintiff's contracts.

43. Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its contracts.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For an award of Plaintiff's damages arising from Defendant's breach of the License Agreement, in an amount, no less than $10,995,000.00, to be proven at trial;

B. For an award of Plaintiff's damages arising from Defendant's tortious interference

with Plaintiff's contracts with the Vendors in an amount to be proven at trial;

C. For an award of Plaintiff's damages arising from Defendant's negligent interference with Plaintiff's contracts with the Vendors in an amount to be proven at trial;

D. For an award of exemplary or punitive damages in an amount to be determined by the Court;

E. For Plaintiff's reasonable attorneys' fees;

F. For all costs of suit; and

G. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: October 11, 2024                     Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY:  /S Danielle S. Futterman
     Danielle S. Futterman (DY 4228)
     dfutterman@ipcounselors.com
     Jason M. Drangel (JD 7204)
     jdrangel@ipcounselors.com
     Ashly E. Sands (AS 7715)
     asands@ipcounselors.com
     60 East 42nd Street, Suite 1250
     New York, NY 10165
     Telephone: (212) 292-5390
     Facsimile: (212) 292-5391
     *Attorneys for Plaintiff*
     *C21K Company Limited*
     .

8