UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
C21K COMPANY LIMITED,

                    plaintiff,

                                                                                 24-cv-7734 (PKC)

          -against-                                                                 ORDER

GINDI C21 IP LLC,

                    defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

       According to the Complaint, jurisdiction is premised on diversity of citizenship. (Complaint (ECF 1) ¶ 2.) Several defects, however, appear on the face of the Complaint.

       Where a complaint premised upon diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Fed. R. Civ. P. Rule 8(a). Here, the Complaint fails to allege the citizenship of each of the members of plaintiff C21K Company Limited and defendant GINDI C21 IP LLC, both limited liability companies. (ECF 1 ¶¶ 5-6.)

1

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citations omitted). There is no diversity jurisdiction if each side includes a citizen or subject of a foreign state. See, e.g., Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000); see also 28 U.S.C. § 1332(a)(2). Here, plaintiff C21K Company Limited alleges that it is a South Korean limited liability company with its principal place of business in Seoul. (ECF 1 ¶ 5.) Therefore, diversity jurisdiction will not exist if both C21K Company Limited and defendant GINDI C21 IP LLC have a member who is a citizen or subject of a foreign state.

Within fourteen (14) days of this Order, plaintiff C21K Company Limited may serve a single interrogatory upon defendant GINDI C21 IP LLC as to the citizenship of all natural persons who are its members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business; GINDI C21 IP LLC shall serve its response to the interrogatory within fourteen (14) days. Within forty-five (45) days of this Order, C21K Company Limited shall amend its complaint to correct the jurisdictional deficiencies and/or omissions, including a compliant allegation of its own citizenship. If, by this date, C21K Company Limited either fails to amend or is unable to amend to truthfully allege complete diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 17, 2024