UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
C21K COMPANY LIMITED,

                Plaintiff,

                                                          24-cv-7734 (PKC)

       -against-                                          ORDER

GINDI C21 IP LLC,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In an Order dated October 17, 2024, the Court raised the issue of subject matter jurisdiction. Plaintiff subsequently filed an Amended Complaint, but the Amended Complaint fails to adequately allege subject matter by diversity jurisdiction .

        Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." Handelsman v. Bedford Vill. Assocs. Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citations omitted). There is no diversity jurisdiction if each side includes a citizen or subject of a foreign state. See, e.g., Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000); see also 28 U.S.C. § 1332(a)(2). Here, the Complaint fails to adequately allege the citizenship of the sole member of plaintiff C21K Company Limited and defendant GINDI C21 IP LLC, both limited liability companies. (ECF 12, Amend. Compl't ¶¶ 5-9.)

        Where a complaint premised upon diversity of citizenship names a limited liability company as a party, the limited liability company takes the citizenship of each of its

members. Bayerische Landesbank, New York Branch v. Aladdin Capital Management, LLC, 692 F.3d 42, 49 (2d Cir. 2012). The complaint must allege the citizenship of natural persons as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Handelsman, 213 F.3d at 51-52; Fed. R. Civ. P. Rule 8(a). Here, the Amended Complaint only states the domiciles of individual members and not their country of citizenship. (Amend. Compl't ¶¶ 6-9.) If both plaintiffs and defendants have parties that are an alien or foreign citizen of any country, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction. See Sukar v. Ramkellawan, 22 cv 3607(MKB) (JRC), 2024 WL 1131074, at *2 n.1 (E.D.N.Y. Mar. 15, 2024) (permanent resident alien who is a domiciliary of a state is not a citizen for diversity purposes.) The amended complaint, which this Court will direct to be filed, should make plain whether an individual who is domiciled in a referenced state is also a citizen of the United States.

One of the alleged members of the defendant LLC is a limited liability partnership. For the purposes of diversity jurisdiction, the citizenship of a partnership is determined by the citizenship of each of its partners. Herrick Co., Inc. v. SCS Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001). The Amended Complaint fails to identify the partners of ALX, C21, LLP, a limited liability partnership, and their citizenships.

The Amended Complaint also alleges that one of the members of the defendant LLC is "Ariel Weinstock, as Trustee of the Eddie Gindi Generational Trust, a New York Trust." (Amend. Compl't ¶ 9.) When a trust is a member of an LLC, "it is necessary to determine the trust's citizenship." WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC, 964 F. Supp. 2d. 265, 169 (S.D.N.Y. 2013) (WHP). The citizenship of a trust depends on whether the trust is a "traditional trust or a business trust." Altruis Group, LLC v. ProSight Specialty

- 3 -

Management Company, Inc., 21-cv-10757 (MKV), 2023 WL 5151122, at *3 (S.D.N.Y. Aug. 10, 2023) (citing Americold Realty Tr. V. Conagra Foods, Inc., 577 U.S. 378 (2016)).  The citizenship for traditional trusts, established by will or inter vivo transfer, is determined by "the citizenship of the trustees."  Id.  Whereas business trusts, which are unincorporated entities, take the citizenship of all its members.  Americold Realty, 577 U.S. at 382.  The Amended Complaint fails to adequately identify the citizenship of the trust.

        Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon defendant GINDI C21 IP LLC as to the country of citizenship of all natural persons who are its members, the citizenship of the partners of the member partnership, and the citizenship of the Trust member.  GINDI C21 IP LLC shall respond within fourteen (14) days of service of the interrogatory.  Plaintiff shall amend their Complaint with the citizenship of all parties within forty-five (45) days or this action will be dismissed for lack of subject matter jurisdiction.

        SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
       March 10, 2025