# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                        :

C21K Company Limited

                  Plaintiff(s),     :

                        :       24 cv 7734 (PKC)

        - against -         :

                        :       CIVIL CASE MANAGEMENT PLAN

Gindi C21 IP LLC                :        AND SCHEDULING ORDER

               Defendant(s).     :

                        :
----------------------------------------------------------------x

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.     All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.]* The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed*.]

2.     This case (is) (is not) to be tried to a jury. [*Circle one*.]

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

4.     Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be served not later than __14__ days from the date of this Order. [*Absent exceptional circumstances, fourteen (14) days*.]

5.     All <u>fact</u> discovery shall be completed no later than __August 17, 2026__. [*A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines (use exact dates) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

     a.    Initial requests for production of documents to be served by __February 27, 2026__.
     b.    Interrogatories to be served by __February 27, 2026__.
     c.    Depositions to be completed by __August 17, 2026__.
     d.    Requests to Admit to be served no later than __March 20, 2026__.

7.     a.     All <u>expert</u> discovery shall be completed no later than <u>Not applicable</u>.
             [*Absent exceptional circumstances, a date forty-five (45) days (use an exact date) from the date in paragraph 5,  <u>i.e.</u> the completion of  all fact discovery.]*

       b.     No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions <u>in limine</u> may be made without a premotion conference on the schedule set forth in paragraph 11.  Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a Pre-Motion Letter relating thereto is filed no later than fourteen (14) days after the date set by the Court for the close of fact discovery.

9.     All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days after the close of fact discovery.

10.    a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
             <u>Prior to mediation, Plaintiff provided Defendant with an informal exchange of documents. The parties do not believe any further exchange of information would aid in early settlement of this case. It is Defendant's position that all documents provided by Plaintiff are publicly available online.</u>

       b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge;  (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.   Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>The parties held a mediation on December 3, 2025 which did not result in a settlement.</u>

       c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g</u>. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery) <u>N/A</u>

       d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days after the close of fact and expert discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  Any motions <u>in limine</u> shall be filed after the close of discovery but sufficiently before the Final Pretrial Submission Date to allow all briefing by all parties by the Final Pretrial Submission date; the Pre-Motion Letter requirement is waived for any such motion <u>in limine</u>.  If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the

Final Pretrial Submission Date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.  If the action is to be tried to the Court, all "Final Pretrial Submissions (Non-Jury)" described in the Judge's Individual Practices (at ¶6.D) shall be filed by the Final Submission Date with the schedule for each party's submission to be agreed upon by the parties.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: ___5 days_____.

13.     [*Parties may include other provisions. See Rule 26(f)(3).*]

------------------------------------------------------------------------------------------------------

***TO BE COMPLETED BY THE COURT*:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other provisions included by Court.]

15.     The next Case Management Conference is scheduled for _____ at _____.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        _____